Per curiam

Where the drawee has no effects of the drawer in his hands, there is no necessity for notice of non-acceptance to the drawer; for he must know without notice that he had no effects in the oiher’s hands, and the design of notice is, that the drawer may be warned in time to get his effects out of the drawee’s hands — of course, where there are no effects in the hands of, the drawee, such notice is useless and vain. As to the receipt of part from the drawee — that is for the benefit of the drawer, as it discharges so much of his debt due to the payee. This was formerly held otherwise, and even now where the drawer may sustain a loss for want of notice of non-payment of the balance, be must have that notice. Notice, however, of non-payment of the balance, cannot be necessary, where notice of the whole would not be so. The fourth clause of the act of 1762, c. 9, makes notice necessary only in cases of an order drawn, directing money in the hands and possession of a second, *313 t0 be paid to a third person — the notice directed by this act, is confined to such orders only — tliis is not such an order, if there was not any money in the hands or possession of the drawee, so far as regards the balance.
Note. — Vide Pan’s Extra, v. Kelly, 2 Hay. 45. But see Austin v. Rodman, 1 Hawks 194, in which it was held, that the drawer of a bill of exchange was entitled to notice of its dishonor, though the drawee •be not indebted to him either when the bill was drawn or fell due, provided the drawer had reasonable ground to believe that it would be honored: and a written authority from the drawee to the dr.wer to dtaw is sufficient ground. See also 2 Am. Ed. of 2 vol. Philips on Evidence, 37, 38.